IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOAN R. RITTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 26-166-JLH-EGT |
| | ) | |
| THOMAS J. BURKE, GINA LANO, | ) | |
| JOSEPH THORNTON, and MICHAEL | ) | |
| FORREST, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently before the Court are the motions of Joseph Thornton ("Thornton"), Michael Forrest ("Forrest"), and Thomas Burke ("Burke") and Gina Lano ("Lano") (collectively, "Defendants") to dismiss the Complaint for failure to state a claim. (D.I. 18, 22 & 23). Also before the Court is *pro se* Plaintiff Joan Ritter's motion for a restraining order. (D.I. 28). For the reasons set forth below, the Court recommends that Defendants' motions be GRANTED and Plaintiff's motion be DENIED as MOOT.

## I.    BACKGROUND

The Court normally would provide background on the allegations underlying Plaintiff's Complaint. But the Court is unable to do so here given that there are no facts pled in the Complaint in support of any of Plaintiff's various claims.

Defendants filed the present motions to dismiss in March 2026. (*See* D.I. 18 (Thornton motion on March 11, 2026); D.I. 22 (Forrest motion on March 13, 2026); D.I. 23 (Burke and Lano motion on March 13, 2026)). On March 24, Plaintiff opposed each of the three motions (D.I. 25) and filed a motion for a restraining order (D.I. 28). Briefing on the motions to dismiss was complete on March 31, 2026. (D.I. 30, 32 & 33). Defendant Lano opposed Plaintiff's motion for

1

a temporary restraining order on April 7, 2026 (D.I. 34), and Plaintiff has continued to file documents in support of her request ever since.  (D.I. 43, 46 & 47).

## II.    LEGAL STANDARD

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008).  The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences.  *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (cleaned up).

## III.    DISCUSSION

### A.    Defendants' Motions to Dismiss (D.I. 18, 22 & 23)

Plaintiff primarily asserts claims under the Racketeer Influence and Corrupt Organizations ("RICO") Act predicated on wire fraud and extortion.  (*See* D.I. 1 ¶¶ 1 & 20-23; *see also id.* ¶ 24

(listing six state torts by name but providing no additional allegations)).  Yet the Complaint is devoid of any factual support.[1]  The only facts alleged in the Complaint are those related to jurisdiction (*see id.* ¶¶ 5-9) and that the alleged enterprise existed as early as December 25, 2024 and continued through at least December 2025 (*id.* ¶ 11).  The remaining "allegations" are either conclusory assertions or legal conclusions.  (*See, e.g., id.* ¶ 16(a) ("Defendants transmitted, or caused to be transmitted, interstate wire communications containing false statements, deceptive omissions, and fraudulent representations intended to induce Plaintiff to surrender money or property."); *see also id.* ¶¶ 12-24).  Defendants seek to dismiss the Complaint in its entirety on this basis.  (D.I. 19 at 3; D.I. 22 at 4-9; D.I. 23 at 2).

The Court agrees that the Complaint should be dismissed.  A complaint must provide "fair notice of . . . the grounds upon which the [the claim] rests."  *Twombly*, 550 U.S. at 555; *see also* FED. R. CIV. P. 8(a)(2).  Even construing it liberally, the Complaint does not come remotely close to providing notice of the facts underlying Plaintiff's claims.  As to the RICO claims, the Complaint only recites the elements of the causes of action.  (*See* D.I. 1 ¶¶ 12-19).  But that is not enough.  *Twombly*, 550 U.S. at 555.  And the state law claims are somehow pled with even less specificity, instead only appearing as a bullet list of the desired causes of action.  (*See id.* ¶ 24).  Nowhere in the Complaint is there any factual support to render any of Plaintiff's claims plausible.  *See Twombly*, 550 U.S. at 557.  The Court thus recommends that the Complaint be dismissed.[2]

---

[1]    Plaintiff has filed various exhibits since the motions to dismiss were filed.  (*See* D.I. 27, 29 & 43-47).  These exhibits will not be considered in deciding the motions to dismiss because they are not attached to, referenced in or integral to the Complaint.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

[2]    Plaintiff's sur-replies (D.I. 35, 36, 37 & 42) are improper.  D. DEL. LR 7.1.2(b).  Even if the Court did consider the sur-replies, the result would be the same.  Dismissal is required.

Plaintiff should be afforded one final opportunity to file a single, comprehensive amended pleading that contains the necessary factual basis to support her claims. *See Lawrence v. Mooney*, 680 F. App'x 146, 148 (3d Cir. 2017).

### B.    Plaintiff's Motion for Restraining Order (D.I. 28)

Plaintiff seeks a restraining order against Lano because Lano allegedly "will not stop Cyberbullying, stalking, death threats & gangbang threats." (D.I. 28 at 1). Because the Court recommends that the Complaint be dismissed for failure to state a claim, the Court also recommends that Plaintiff's motion for a restraining order be denied as moot. *See Garshman v. Univ. Res. Holding, Inc.*, 824 F.2d 223, 227 & 234 (3d Cir. 1987); *see also Rodriquez v. 32nd Legislature of V.I.*, 859 F.3d 199, 207 (3d Cir. 2017).

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' motions to dismiss (D.I. 18, 22 & 23) be GRANTED and that Plaintiff's motion for a restraining order (D.I. 28) be DENIED as MOOT.

The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are

directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated

March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated:  June 4, 2026

_____
UNITED STATES MAGISTRATE JUDGE